UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON M. MORIARTY,

     Petitioner,

v.

                                  CASE NO. 6:06-cv-1720-Orl-18UAM
                                      (6:04-cr-5-Orl-18JGG)

UNITED STATES OF AMERICA,

     Respondent.

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Jason M. Moriarty. The Government filed a response (Doc. No. 6) to the section 2255 motion in compliance with  this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts.* Petitioner filed a reply (Doc. No. 8) to the response.

Petitioner alleges three claims that his trial counsel rendered ineffective assistance during sentencing.

*I.    Procedural History*

Petitioner was charged by superceding indictment with one count of attempting to receive and receiving with intent to sell child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (a)(4)(B), and (b)(1) (count one); one count of attempting to possess and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (count two); and one count of receiving and possessing with intent to distribute an obscene visual

depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 1466A(a)(1) and (2) (count three) (Criminal Case No. 6:04-cr-05-Orl-18JGG, Doc. No. 19, filed February 4, 2004).[1]  On April 21, 2004, Petitioner entered pleas of guilty to all three counts.  A sentencing hearing was conducted on July 21, 2004, and this Court sentenced Petitioner to a general sentence of twenty years of imprisonment to be followed by a lifetime of supervised release.

Petitioner appealed his convictions and sentence.  The Eleventh Circuit Court of Appeals affirmed the convictions, but remanded for clarification of Petitioner's sentence. *See United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005).  On remand, the Court clarified Petitioner's sentence as follows: a 240-month term of imprisonment for count one, a 120-month term of imprisonment for count two, and a 120-month term of imprisonment for count three with all sentences to run concurrently.

## II.   *Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty

---

[1]Hereinafter Criminal Case No.6:04-cr-05-Orl-18JGG will be referred to as "Criminal Case."

plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

3

III.   *Analysis*

    A.   *Claim One*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to allow him to testify at the sentencing hearing. In support of this claim, Petitioner maintains that he was advised not to testify and that had he testified "[t]he judge would have consider [sic] a much lighter sentence. . . ." (Doc. No. 1 at 4.)

The record reflects that the Court heard and saw extensive evidence regarding Petitioner's (1) involvement in the "Kiddy Fuckers Club," (2) possession of numerous photographs and images of child pornography, and (3) pattern of activity involving the sexual abuse or exploitation of a minor. At the sentencing hearing, Petitioner's former neighbor testified that Petitioner broke-in to her home, stole photographs of her six-year old son, and stole the pull-up underwear which the child was wearing. The witness' testimony was corroborated by "spy reports" that Petitioner kept from 1997 through 2003, which were admitted into evidence. The "spy reports" contained information about various children, such as their physical descriptions and daily activities. Moreover, the "spy reports" described instances of sexual assault, and attempted sexual assault, of children and Petitioner's desire to kidnap and rape various children. Based on the evidence presented, the Court determined that Petitioner has "a definite problem with deviate conduct, that if [he is] not removed from society, [he is] going to endanger the lives

of young children in the future. . . [Petitioner] need[s] to be taken out of society so it can be prevented." (Criminal Case Doc. No. 63 at 56.)

The record indicates that the Court asked Petitioner if he wanted to speak before he was sentenced, and Petitioner indicated that he wanted to reserve his right to do so. *See id.* at 52. Furthermore, in the instant action, Petitioner has not indicated what testimony he would have given had he testified at his sentencing. "'[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.'" *Daniels v. McDonough,* 2006 WL 2620143, at *10 (M.D. Fla. 2006) (quoting *United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)). In sum, Petitioner has failed to establish that had he testified, a reasonable probability exists that his sentence would have been different. Accordingly, claim one is without merit.

B.    *Claim Two*

Petitioner asserts that counsel rendered ineffective assistance by failing to notify him of the risk involved with contesting the five-level enhancement pursuant to USSG § 2G2.2(b)(4). Petitioner contends that if he had known that he would possibly lose a two-level adjustment for acceptance of responsibility if he contested the five-level enhancement, he would not have contested the five-level enhancement.

The record indicates that at the sentencing hearing and on direct appeal, trial counsel vehemently opposed the application of a five-level enhancement pursuant to USSG

5

§ 2G2.2(b)(1). *See* Criminal Case Doc. No. 63. Had trial counsel been successful in contesting the five-level enhancement, Petitioner would have been subject to an advisory guideline range of 97 to 121 months of imprisonment compared to 235 to 293 months of imprisonment.

Certainly, counsel's strategy was not unreasonable under the circumstances. As noted by the Eleventh Circuit Court of Appeals in *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994), *cert. denied*, 513 U.S. 1115 (1995):

> The Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved. Intensive scrutiny and second-guessing of attorney performance are not permitted. Because it is a wide range of performance that is constitutionally acceptable, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. Cases in which deliberate strategic decisions have been found to constitute ineffective assistance are even fewer and farther between. *This case is not one of them.*

(Citations omitted) (quotations omitted) (emphasis added). Given the circumstances of the case, counsel decided to challenge the five-level enhancement. This decision was neither unreasonable nor deficient. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983), *cert. denied*, 464 U.S. 1063 (1984) (a tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it").

Moreover, Petitioner has not shown that the defense strategy was detrimental to his case. Petitioner simply has not demonstrated prejudice. The record reveals that counsel put forth a vigorous objection, which did not render the sentencing fundamentally unfair or unreliable. Petitioner has not demonstrated that his sentence would have been different

6

had counsel not objected to the five-level enhancement. As noted *supra*, when imposing Petitioner's sentence, this Court found that he posed a serious threat to society. That opinion remains the same at this time. Thus, Petitioner's contention that, had counsel performed otherwise, he would have received a lesser sentence, is pure conjecture and speculation. In sum, Petitioner has demonstrated neither deficient performance nor prejudice; and this claim is denied.

### C.   Claim Three

Petitioner asserts that trial counsel rendered ineffective assistance by failing to call Dr. Day, Petitioner's psychologist, to testify at his sentencing hearing. Petitioner contends that had Dr. Day testified, "[t]he judge would have considered lighter [sic] sentence. . . ." (Doc. No. 1 at 7.)

Prior to the sentencing hearing, trial counsel filed a report from Dr. Day, wherein Dr. Day opined that Petitioner "committed the offense while suffering from a significantly reduced mental capacity and the significantly reduced mental capacity contributed substantially to the commission of the offense." (Criminal Case Doc. No. 52 at 3.) Dr. Day indicated that Petitioner suffered from posttraumatic stress disorder and antisocial personality disorder. *Id.* At the sentencing hearing, the Government voiced its concerns with the report. *See* Criminal Case Doc. No. 63 at 8. The Court noted that it had read Dr. Day's report and recognized that the findings in the report may be a reason for Petitioner's actions, however, the findings did not excuse Petitioner. *Id.* Thus, the Court considered Dr. Day's opinion before sentencing Petitioner.

7

Petitioner has not indicated how or why his sentence would have been different had Dr. Day testified at the hearing. As such, Petitioner has not demonstrated that he was prejudiced by trial counsel's allegedly deficient performance. Accordingly, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.   The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jason M. Moriarty (Doc. No. 1, filed November 6, 2006) is **DENIED**.

2.   This case is **DISMISSED** with prejudice.

3.   The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:04-cr-05-Orl-18JGG.

4.   The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 88) filed in criminal case number 6:04-cr-05-Orl-18JGG.

**DONE AND ORDERED** at Orlando, Florida, this _19_ day of December, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sc 12/18
Jason M. Moriarty
Counsel of Record

8